## William E. FELTON, Plaintiff,

v.

## BOARD OF COMMISSIONERS, COUNTY OF GREENE, and Robert Crowe, as Commissioner of Greene County, Defendants.

### No. TH 89–263–C.

United States District Court,
S.D. Indiana,
Terre Haute Division.

Oct. 29, 1993.

Brenda Rodeheffer, Monday Rodeheffer & Jones, Indianapolis, IN, for William E. Felton.

James S. Stephenson, Stephenson & Kurnik, Indianapolis, IN, for Greene County Com'rs, Lee L. Stone, and Robert Crowe.

Marilyn A. Hartman, Hartman & Paddock, Bloomfield, IN, for Greene County Com'rs.

### *ORDER ON PETITION FOR POST–JUDGMENT RELIEF*

HUSSMANN, United States Magistrate Judge.

This matter is before the Court on the Petition for Post–Judgment Relief filed by the plaintiff on October 15, 1993. The defendants filed their Response to the petition on October 7, 1993.

The Court, being duly advised, now **GRANTS** the petition in the following respects. First, the Court approves the petitioner's request for post-judgment attorney's fees in the amount of Nine Thousand Seven Hundred Seventy–Three Dollars and Fifty Cents ($9,773.50). Secondly, the Court con-

---

cludes that the plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Under this statute, interest shall be calculated at the rate allowed by state law from the date of the entry of judgment, which is June 9, 1992.

The plaintiff also advises the Court that during the stay of judgment a driver position became open and a driver other than the plaintiff was hired by the defendants. The plaintiff therefore seeks damages for the lost income obtained by the other driver during this time period. The Response to Petition for Post–Judgment Relief indicates that the driver position will be made available if the plaintiff wishes. The Court concludes that the initial judgment in this case intended the reinstatement of the plaintiff to be equitable relief in addition to damages. The appeal was taken in good faith and was completed promptly. Therefore the Court concludes that reinstatement at this time is the proper remedy and declines to reimburse the plaintiff for the fact that the driver's job was performed by some other person during the pendency of the appeal. However, it was the Court's intention that the plaintiff be hired for the position of driver upon resignation or removal of the person who held that position at the time of the original judgment entry. The Court assumes that when the defendants hired a replacement driver after the issuance of the judgment, the new driver was hired with the understanding that this case was pending and that the new driver's job was conditioned upon the ultimate decision of the United States Court of Appeals for the Seventh Circuit. Therefore the Court **ORDERS** that the defendants hire the plaintiff for the position of driver unless the plaintiff waives his right to that position, in writing, or unless a physician chosen by the defendants certifies in writing that the plaintiff's physical condition prohibits him from driving safely.

An Amended Judgment Entry will be entered this date which reflects the original Judgment Entry dated June 9, 1992, the Order on Plaintiff's Petition for Attorney Fees and Expenses dated November 9, 1992, and this Order on Petition for Post–Judgment Relief.

**SO ORDERED.**

### AMENDED JUDGMENT ENTRY

**IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED** by the Court that judgment is hereby entered for plaintiff William E. Felton and against the Board of Commissioners of Greene County and Robert Crowe, in his official capacity only, in the amount of Thirty-seven Thousand Six Hundred Twelve Dollars and No Cents ($37,612.00). The plaintiff shall also receive post-judgment interest pursuant to 28 U.S.C. § 1961 payable at the rate pursuant to state law calculated from June 9, 1992.

The plaintiff shall recover as reasonable attorney fees in this matter the sum of Forty Thousand Eight Hundred Four Dollars and Fifty Cents ($40,804.50) and costs in the amount of One Thousand One Hundred Sixty-four Dollars and Eighty Cents ($1,164.80). The defendants are also **ORDERED** to hire the plaintiff for the position of driver for the Veterans' Service Office, unless the plaintiff waives his right to that position, in writing, or unless a physician chosen by defendants certifies in writing that plaintiff's physical condition prohibits him from driving safely. The plaintiff shall be reinstated to the driver position within a reasonable time not to exceed sixty (60) days from the date of this Amended Judgment Entry.

The plaintiff shall take nothing and this action is hereby dismissed as to Robert Crowe in his individual capacity.

**IT IS SO ORDERED.**